FILED
2015 Mar-09 PM 04:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **KRISTOPHER BILLINGSLEY,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | Case No.: 1:13-CV-1337-VEH |
| ] | |
| **WILLIE ORR,** ] | |
| ] | |
| **Defendant.** ] | |

## **MEMORANDUM OPINION AND ORDER**

**I.     Introduction and Procedural History**

Plaintiff Kristopher Billingsley ("Mr. Billingsley") initiated this civil rights case on July 18, 2013, against Defendant Willie Orr ("Officer Orr"). (Doc. 1). Mr. Billingsley complains about how Officer Orr treated him during a law enforcement incident which occurred on or about June 1, 2012. (Doc. 1 at 3 ¶ 10). Mr. Billingsley's complaint, as originally filed, contained one federal count for deprivation of civil rights brought pursuant to 42 U.S.C. § 1983 and three other counts arising under Alabama law, all asserted against Officer Orr solely in his individual capacity.

Officer Orr filed a Motion for Summary Judgment (Doc. 23) on November 26, 2014, which sought dismissal of Counts One, Two, and Four of Mr. Billingsley's complaint. On January 13, 2015, the court granted in part and otherwise denied Officer Orr's Motion for Summary Judgment. (Doc. 26). More specifically, the court dismissed

Counts One and Four on summary judgment, leaving Counts Two and Three for trial.

Now pending before the court is Mr. Billingsley's Motion To Amend, Alter or Vacate (Doc. 28) (the "Motion") filed on January 23, 2015. Within this Motion, Mr. Billingsley challenges the court's dismissal of the Fourth Amendment excessive force portion of Count One only.[1] (Doc. 28 at 1-2). Officer Orr opposed the Motion on February 6, 2015. (Doc. 29).

A few days later, on February 10, 2015, Officer Orr filed a Brief in Support of Motion for Summary Judgment on Count Three of Complaint (Doc. 30) (the "Brief"). Mr. Billingsley responded to the Brief on February 24, 2015. (Doc. 31).

No other briefs or motions have been filed and Mr. Billingsley's Motion is under submission. For the reasons explained below, the Motion is **DENIED**. Further, to the extent that Officer Orr's Brief seeks to have this court enter summary judgment on Count Three of Mr. Billingsley's complaint, it is also **DENIED**.

## II.     Standards and Analysis

### A.     Mr. Billingsley's Motion To Reconsider

---

[1] Therefore, Mr. Billingsley has no objection to the court's dismissal of Count One's illegal search and seizure claim, Count One's due process allegations, or Court Four's tort of outrage claim.

Although the court is well aware that it can modify any non-final summary judgment opinion and order, a party who asks a court to reconsider must meet the standard applicable to such a motion. *Cf. Spellman v. Haley*, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("The district court, in its discretion, can modify or vacate non-final orders at any point before final judgment." (citing Fed. R. Civ. P. 54(b))); *Summit Medical Center of Ala., Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003) (As a general rule, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice.").

The court's decision to dismiss excessive force as a purported independent Fourth Amendment claim is tied to the Eleventh Circuit's binding decisions in *Williamson v. Mills*, 65 F.3d 155 (11th Cir. 1995) and *Jackson v. Sauls*, 206 F.3d 1156 (11th Cir. 2000), <u>and</u> the absence of an independent claim for excessive force pled by Mr. Billingsley in his complaint. (*See* Doc. 26 at 13 ("The Eleventh Circuit's decision in *Williamson* (as reinforced by *Jackson*) means that Mr. Billingsley's excessive force claim is subsumed by his illegal seizure one.")). Citing to *Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) and other binding cases, the court additionally explained on summary judgment that "the Eleventh Circuit has made it

3

clear that it is procedurally inappropriate for a party to attempt to amend a pleading in any critical manner by way of briefing on summary judgment <u>in the absence of that litigant also seeking leave to amend</u>." (Doc. 26 at 13 n.5 (emphasis added)).

In his Motion, Mr. Billingsley does not contend that *Williamson*, *Jackson*, or *Gilmour* has been overruled by an intervening change in the law. Mr. Billingsley also does not premise his Motion upon any new evidence, clear error, or manifest injustice. Finally, Mr. Billingsley does not seek leave to amend his complaint to include a separate count for Fourth Amendment excessive force that is unconnected to any claim of illegal search and seizure.

Instead, Mr. Billingsley maintains in part:

> This Court cites *Williamson* as the primary authority on this issue. *See generally Williamson v. Mills*, 65 F.3d 155, 155 (11th Cir. 1995). However, the present case in front of this Court is distinguishable from *Williamson*. In *Williamson*, the plaintiff "does not argue that the force used was more than that reasonably necessary to effect the arrest. He argues that there was no need for any force as the force was used to accomplish an unlawful arrest." *Williamson*, 65 F.3d at 158. In the case before this Court, Plaintiff ***does*** argue that the force used was more than that reasonably necessary. In fact, that is the only position that Plaintiff has taken throughout the entire litigation of this case. The Court in *Williamson* did subsume the plaintiff's excessive force claim in the plaintiff's false arrest claim, but only after determining that the defendant was not entitled to qualified immunity against the plaintiff's false arrest claim. *Id.* Therefore, there was no need for a discrete excessive force claim in *Williamson* because any use of force in an illegal stop or arrest is considered excessive and taken into account when determining damages based on the illegal stop or arrest claim. *See Williamson*, 65

> F.3d at 158-59. In the present case, Plaintiff's excessive force claim should not be subsumed in Plaintiff's illegal stop or arrest claim because <u>Plaintiff has never made an illegal stop or arrest claim</u>.
>
> Whether Defendant illegally stopped or arrested Plaintiff in the present case has never been an issue. The only issue that Plaintiff and Defendant have argued is whether Defendant used excessive force when Defendant struck Plaintiff in the face. At the time of the alleged excessive use of force, Plaintiff was neither under arrest nor subject to an illegal stop. *Williamson* does not apply to the present case because the only claim that has been <u>argued</u> is a violation of the Fourth Amendment resulting from Defendant's use of excessive force, not a violation of the Fourth Amendment resulting from an illegal stop or arrest.

(Doc. 28 at 6-7 (emphasis by underlining added)).

Mr. Billingsley's efforts to have this court reconsider its dismissal of Count One's excessive force allegations ignore two key points that were made by the court when deciding summary judgment. First, paragraph 13 of Count One of his complaint unambiguously asserts that Officer Orr "violated [Mr. Billingsley]'s Fourth Amendment rights against an unreasonable search and seizure as <u>there existed no valid and supportable probable cause or reasonable suspicion that [Mr. Billingsley] had committed a crime</u>." (Doc. 1 at 3-4 ¶ 13 (emphasis added)). Therefore, it is simply not true that Mr. Billingsley "has never made an illegal stop or arrest claim" under the Fourth Amendment. To the contrary, illegal search and seizure <u>is</u> the specific Fourth Amendment claim contained in his complaint.

Second, while the parties' discovery and arguments may have focused solely on

5

Officer Orr's alleged use of excessive force on Mr. Billingsley as if he had properly pled it as an independent Fourth Amendment claim, under *Gilmour* (and other Eleventh Circuit cases), arguments made by counsel in briefs cannot amend a pleading, and district courts have been criticized by the Eleventh Circuit for allowing this disfavored practice to stand on summary judgment. *See Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1227 (11th Cir. 2013) (criticizing district courts for practice of "ignor[ing] what the respective parties alleged in their complaint and answer and to [instead] consider their claims and defenses as depicted in the memoranda they filed in support of or in opposition to a motion for summary judgment").

Instead, it was incumbent upon Mr. Billingsley to seek leave to amend his complaint and clarify that he was asserting a Fourth Amendment excessive force claim entirely separate from his Fourth Amendment illegal search and seizure claim asserted in Count One. To date, Mr. Billingsley has not sought permission for such an amendment. Instead, he has ineffectively chosen to quibble over the court's excessive force analysis on summary judgment without regard to key underpinnings behind the court's ruling.[2]

---

[2] Mr. Billingsley does not mention, much less discuss, the pleading-related principles embraced by *Gilmour*, *Flintlock*, and other similar Eleventh Circuit decisions.

Therefore, Mr. Billingsley's Motion is **DENIED**.

### B. Officer Orr's Motion To Modify Scheduling Order

Although Officer Orr indicates within his Brief that he simultaneously filed a Rule 60(b)(1) motion, as Mr. Billingsley correctly points out, no such motion appears on CM/ECF on or after February 10, 2015. Rule 60(b)(1) permits a court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). However, even if the court were inclined to excuse Officer Orr for the procedural error of not including a Rule 60(b)(1) motion when filing his Brief, he still would not be entitled to the relief he has requested (*i.e.*, granting summary judgment in his favor on Count Three because of an "inadvertent failure to address [it]" (Doc. 30 at 1)) by virtue of Rule 16, which governs scheduling orders.

Under the Scheduling Order (Doc. 14) (as subsequently modified on August 29, 2014), the deadline to file dispositive motions expired on November 28, 2014. Officer Orr filed his Motion for Summary Judgment two days before that deadline and did not address Count Three of Mr. Billingsley's complaint in any manner. Consequently, in order for the court to consider the merits of Officer Orr's Brief, it would need to reopen its Scheduling Order.

Further, to the extent that Officer Orr is implicitly asking for such relief under

Rule 16, he has not shown "good cause" for the court to do so and, accordingly, the court declines his implicit request.[2] *See, e.g.*, Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418, 1419 (11th Cir. 1998) (per curiam) (noting that scheduling orders may be modified "only upon a showing of good cause" and holding that a disregard of the "good cause" requirement "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure") (internal quotation marks omitted); *Young v. City of Gulf Shores*, No. 07-0810-WS-M, 2009 WL 321221, at *1-*2 (S.D. Ala. Feb. 5, 2009) (describing and applying Rule 16(b)'s good cause standard to preclude plaintiff from amending complaint past deadline contained in scheduling order).

Therefore, the relief requested by Officer Orr in his Brief is also **DENIED**.

## III. Conclusion

Mr. Billingsley's Motion and the relief requested by Mr. Orr in his Brief are both **DENIED**. Further, the final pretrial conference set for March 25, 2015, at 1:30 p.m., will go forward as scheduled.

---

[2] The court notes that Officer Orr was put on notice of his failure to address Count Three when Mr. Billingsley filed his opposition to summary judgment on December 17, 2014. (*See* Doc. 22 at 27 ("Defendant argues that summary judgment should be granted in his favor on Count II and Count IV of Plaintiff's Complaint.")). Yet Officer Orr inexplicably waited nearly two entire months after that date before seeking to reopen the dispositive motion deadline on that claim.

**DONE** and **ORDERED** this 9th day of March, 2015.

*[signature]*

**VIRGINIA EMERSON HOPKINS**
United States District Judge