FILED
2015 Apr-07  AM 10:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **KRISTOPHER BILLINGSLEY,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **CIVIL ACTION NO.:** |
| | ] | **1:13-CV-1337-VEH** |
| **WILLIE ORR,** | ] | |
| | ] | |
| **Defendant.** | ] | |

## MEMORANDUM OPINION AND ORDER

### I.    Introduction

Pending before the court is Plaintiff Kristopher Billingsley's ("Mr. Billingsley") Amended Motion for Leave (Doc. 36) (the "Second Motion") filed on March 19, 2015.[1] The Second Motion seeks to reopen the Scheduling Order (Doc. 14) filed on December 31, 2013, and to permit Mr. Billingsley to amend his complaint in light of the summary judgment ruling entered by this court on January 13, 2015, that was partially adverse to him. (Doc. 26). Defendant opposed the Second Motion on March 25, 2015. (Doc. 37).

---

[1] The court denied without prejudice Mr. Billingsley's initial motion for leave to amend because he had failed to comply with the requirements of the court's Uniform Initial Order. (Doc. 35).

For the reasons explained below, the Second Motion is **DENIED**.[2]

## II.   Standards

### A.   Rule 16(b)(4)

Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Further, Rule 16's good cause standard "precludes modification unless the schedule could not 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1988) (quoting Fed. R. Civ. P. 16 advisory committee notes). Finally, "[a] district court's decision to enforce its pre-trial order will not be disturbed on appeal absent an abuse of discretion." *Sosa*, 133 F.3d at 1418 (*Santiago v. Lykes Bros. Steamship Co.*, 986 F.2d 423, 427 (11th Cir. 1993)).

### B.   Rule 15(a)(2)

Rule 15(a)(2) provides: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Whenever a party seeks to amend a pleading past the Rule 16 deadline (such as here), that party "<u>must first demonstrate good cause under Rule 16(b)</u> before [the district court] will consider

---

[2] Due to the upcoming final pretrial conference scheduled for May 21, 2015 (Doc. 34) and the straightforward nature of this issue, the court elects not wait on the expiration of Mr. Billingsley's deadline to reply before deciding the Second Motion.

whether amendment is proper under Rule 15(a)." *Sosa*, 133 F.3d at 1418 (emphasis added).

## III.   Analysis

In dismissing Count One of his complaint on summary judgment, this court appropriately concluded that Mr. Billingsley had not pled an excessive force claim independent from his unlawful arrest count. (Doc. 26 at 11-14). The court then determined that no unconstitutional search and seizure had occurred or, alternatively, that qualified immunity protected Defendant from any liability for such a claim. (*Id.* at 14-19). As a result, neither an independent nor a dependent claim for excessive force under federal law is a part of this case.

Upset with this ruling, Mr. Billingsley filed a Motion To Amend, Alter or Vacate (Doc. 28) on January 23, 2015, insisting (and despite the inadequate allegations contained in his pleading as expressly pointed out by the court in its summary judgment ruling) that his "Complaint sufficiently included an excessive force claim." (Doc. 28 at 3). On March 9, 2015, the court denied Mr. Billingsley's Motion To Amend, Alter or Vacate, and explained to him that:

> [I]t was incumbent upon Mr. Billingsley to seek leave to amend his complaint and clarify that he was asserting a Fourth Amendment excessive force claim entirely separate from his Fourth Amendment illegal search and seizure claim asserted in Count One. To date, Mr. Billingsley has not sought permission for such an amendment. Instead,

3

he has ineffectively chosen to quibble over the court's excessive force analysis on summary judgment without regard to key underpinnings behind the court's ruling.

(Doc. 32 at 6).

Mr. Billingsley initiated this lawsuit on July 18, 2013 (Doc. 1) and his deadline to amend under the Scheduling Order was March 3, 2014. (Doc. 14 at 2). Against this procedural backdrop, Mr. Billingsley's Second Motion seeks to rectify his Fourth Amendment pleading error by reopening the Scheduling Order and obtaining leave to add an independent claim of excessive force over (i) 18 months after he first filed suit and (ii) 12 months after his deadline to amend has expired.

Undeterred by these expansive elapses in time, Mr. Billingsley maintains that the record does not establish a lack of diligence on his part; yet, he offers no on-point case authority to support his position. Instead, Mr. Billingsley cites to *Young v. City of Gulf Shores*, No. 07-0810-WS-M, 2009 WL 321221 (S.D. Ala. 2009), in which the good cause standard was <u>not</u> met by the plaintiff and then claims that his "case is much different than *Young*" because he had a "good faith[] belie[f] that [his] excessive force claim was properly pled and that Defendant was on notice of the excessive force claim." (Doc. 36 at 3).

Regardless of Mr. Billingsley's efforts to distinguish his case from *Young*, the binding decision of *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 257 F.3d 1218 (11th

4

Cir. 2008) (cited by Defendant (Doc. 37 at 4)) controls the outcome here. In *Oravec*, the Eleventh Circuit upheld the district court's decision to deny the plaintiff's request to amend comparably filed over one year after the applicable deadline had passed and only after that the court had voiced its view that certain of the plaintiff's copyright claims were jurisdictionally defective.

As the Eleventh Circuit explained why the district court in *Oravec* acted within its discretion in denying the motion to amend:

> We have recognized that Rule 16(a)'s good cause standard "precludes modification [of the scheduling order] unless the schedule cannot be met despite the diligence of the party seeking the extension." *See Sosa*, 133 F.3d at 1418 (internal quotation marks omitted); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("If [a] party was not diligent, the [good cause] inquiry should end."). Here, Oravec did not show the requisite level of diligence in pursuing his claims. He filed his motion to amend on July 12, 2006, <u>over twenty months after filing the original complaint, more than a year after the expiration of the deadline for amending the pleadings,</u> and only six weeks before trial. Oravec argues that he lacked notice of the jurisdictional concern regarding his PGS copyrights until the district court indicated on July 7 that those claims could not be maintained. However, <u>the fact that Oravec or his counsel misunderstood the scope of legal protection available for PGS works does not constitute good cause.</u> In any event, Oravec was aware of the defendants' challenge to his March 2004 Copyright claim since at least April 2006, when the defendants filed their motion for summary judgment. He nonetheless waited an additional three months to file additional copyright registrations and to seek leave to amend. Under these circumstances, the district court acted within its discretion in denying his motion.

527 F.3d at 1232 (emphasis added); *see also Dilmar Oil Co., Inc. v. Federated Mut.*

*Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997) ("Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992))).

Akin to the plaintiff in *Oravec*, Mr. Billingsley attempts to justify his dilatory amendment due to his misapprehension of Fourth Amendment law.

> Had Plaintiff been aware that this Court or Defendant had an issue with the pleadings or that an excessive force claim was not properly pled, Plaintiff would have amended the original Complaint. However, Plaintiff has just become aware of this pleading issue. <u>Now that Plaintiff is aware that the pleading of his excessive force claim is at issue</u>, Plaintiff respectfully requests that this Honorable Court permit Plaintiff to file an Amended Complaint adding a specific excessive force claim under Plaintiff's Fourth Amendment claim.

(Doc. 36 at 6 (emphasis added)).

However, as *Oravec* underscores, counsel's ignorance of the law is inconsistent with diligence and carefulness and, thus, cannot constitute good cause under Rule 16(b)(4), especially when the case has proceeded way beyond the deadline to amend, the court has decided summary judgment, and the lawsuit is set for trial (or, like here, is trial ready and set for a final pretrial conference). At a minimum, in an effort to show diligence, Mr. Billingsley should have <u>immediately</u> sought leave to amend his complaint when he became aware of his pleading problem <u>over 2 months ago</u>, but instead he chose to challenge this court's summary judgment ruling on

reconsideration by questioning the court's allegedly misguided "emphasis on the pleadings" (Doc. 28 at 3) and, regardless, asserting that his complaint sufficiently "included an excessive force claim." *Id.*

Mr. Billingsley also suggests that his Second Motion should be granted because his misunderstanding of the law was sincere (*see, e.g.*, Doc. 36 at 3 ("Plaintiff . . . in good faith believed that the excessive force claim was properly pled . . . .")) and Defendant cannot show any real prejudice if the amendment is allowed. (*See, e.g.*, Doc. 36 at 6 ("Defendant showed that he was on notice of an excessive force claim through joint filings by Plaintiff and Defendant.")). Taking as given the absence of his bad faith as well as any resulting prejudice to Defendant, Mr. Billingsley's rationale, nonetheless, still misses the mark as "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Dilmar*, 986 F. Supp. at 980 (emphasis added); *cf. Johnson*, 975 F.2d at 609 ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.") (emphasis added).

## IV.   Conclusion

Thus, Mr. Billingsley has not met Rule 16(b)(4)'s diligence standard, and his Second Motion is **DENIED**.[3]

**DONE** and **ORDERED** this 7th day of April, 2015.

_(signature)_

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[3] Because Mr. Billingsley has not demonstrated good cause, the court does not consider the merits of his Second Motion's contingent component under Rule 15(a)(2). *Cf. Sosa*, 133 F.3d at 1419 ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.").